UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL CLAYTON ENTERPRISES, L.L.C. | CIVIL ACTION |
| VERSUS | |
| NATHIAN HOSSLEY, INDIVIDUALLY AND ON BEHALF OF FIRST MILLENNIUM CONSTRUCTION, L.L.C. | NO.: 13-00537-BAJ-RLB |

## RULING AND ORDER

Before the Court are Defendant First Millennium Construction, L.L.C.'s ("FMC") **Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1) and 12(B)(6) (Doc. 2)** and Defendant Nathian Hossley's ("Hossley") (collectively "the Defendants") **Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1) and 12(B)(6) ( Doc. 3)**. Both motions seek to dismiss Plaintiff Michael Clayton Enterprises, L.L.C.'s ("MCE") claims against the Defendants, asserting the Court's lack of subject matter jurisdiction, as well as MCE's failure to state a claim upon which relief can be granted. Additionally, Hossley seeks dismissal on the basis that the Complaint fails to state a cause of action against him in his personal capacity. The motion is unopposed. Oral argument is not necessary.

I. Background

MCE filed suit against FMC and Hossley (individually and on behalf of FMC) on August 15, 2013. (Doc. 1.) The complaint alleges that, in November 2009, MCE entered into a contract with FMC, whereby MCE paid FMC the sum of $300,00.00 in return for

a one-fourth percentage of the net profits from FMC's work on what is referred to as the "SMILE weatherization project."[1] (*Id.* at 2.) It also alleges that, pursuant to the contract between the parties, "any sums owed to [MCE] were not to be re-invested in the SMILE project without written consent of [MCE]. Upon completion of the SMILE projects, any profits and the original investment were to be returned to [MCE]." (*Id.*) Further, the complaint alleges that the SMILE project is complete, and the Defendants have not returned the amounts owed to MCE, and have also failed to pay MCE its share of the net profits. (*Id.*)

Both FMC and Hossley filed motions to dismiss on October 11, 2013, alleging that MCE's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure Rule ("Rule") 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Docs. 2, 3.) In addition, Hossley's motion to dismiss asserted that the complaint should be dismissed because MCE did not allege any factual allegations against Hossley in his personal capacity. (Doc. 3-1, at 3.) MCE has not filed a memorandum in opposition to either motion to dismiss. Instead, it sought leave to file an amended complaint on February 28, 2014 (Doc. 6), which was granted by the Court on March 5, 2014. (Doc. 8.) MCE's amended complaint alleges grounds for diversity jurisdiction, listing the respective citizenship of the parties involved in the suit. (Doc. 9.)

---

[1] Although referenced in the complaint, MCE has not adequately described the SMILE weatherization project. Thus, the Court is precluded from conducting further inquiry into the particulars of the facts asserted here.

On March 26, 2014, the Defendants filed a motion to set a hearing on the motions to dismiss. (Doc. 10.) Therein, the Defendants acknowledge MCE's attempt to cure the deficiencies with respect to subject matter jurisdiction; however, they assert that MCE failed to address the motions to dismiss for failure to state a claim. (*Id.* at 2.) The motions will be addressed simultaneously below.

## II.    12(b)(1) Standard of Review

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Id.*

### A.    Subject Matter Jurisdiction: Whether Complete Diversity Exists

The Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332 in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of

different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F. 3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). "This determination of one's State Citizenship for diversity purposes is controlled by federal law, not by the law of any State." *Mas v. Perry*, 489 F. 2d 1396, 1399 (5th Cir. 1974) (citation omitted)). "As is the case in other areas of federal jurisdiction, the diverse citizenship among adverse parties must be present at the time the complaint is filed." *Id.* (citing *Mullen v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154, 155 (1824)). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction . . . ." *Id.* (citations omitted).

"To be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States, . . . and a domiciliary of that State." *Mas*, 489 F. 3d at 1399 (internal citations omitted). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" *Id.* (citations omitted). In the limited liability company ("LLC") context, the Fifth Circuit has joined with all other federal appellate courts, holding that "the citizenship of a LLC is determined by the citizenship of all members." *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008) (citations omitted).

Initially, the Defendants sought to dismiss the complaint on grounds that MCE had not properly alleged diversity of citizenship. However, after MCE amended its complaint, the Defendants seemed to concede in its motion to set hearing (Doc. 10) that the amended complaint addressed the diversity issues. Nevertheless, the Defendants still

4

seek a dismissal on grounds that the amended complaint fails to state a claim upon which relief may be granted. *See* Doc. 10.

Regardless of the Defendants' concessions to jurisdiction, after a review of the amended complaint, the Court finds that MCE has sufficiently met its burden in establishing that diversity jurisdiction exists between the parties. (Doc. 9.) The amended complaint establishes that, MCE, a LLC having its principal place of business in Florida, has one member and that the sole member is a citizen of the State of Florida. As such, following the Fifth Circuit holding in *Harvey*, Florida is MCE's domicile for purposes of establishing diversity jurisdiction.

MCE's amended complaint also establishes that the Defendants are diverse from the plaintiff in this case. FMC is a LLC having its principal place of business in Louisiana. FMC has three members that are citizens in the State of Louisiana. As such, Louisiana is FMC's domicile for purposes of establishing diversity jurisdiction. Hossley is also sued in his individual capacity; however, his domicile for purposes of diversity jurisdiction remains in Louisiana. As such, both Defendants in this case are citizens of Louisiana.

Because MCE is a citizen of Florida and both Defendants are citizens of Louisiana, complete diversity exists between the parties. To the extent that the Defendants still seek dismissal for lack of diversity, both motions are DENIED.

### III. 12(b)(6) Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

### A. Whether MCE has Failed to State a Claim Upon Which Relief Can Be Granted

After a review of the pleadings and the applicable law in this matter, the Court concludes that MCE has failed to state a claim upon which relief can be granted in its complaint and its amended complaint. Specifically, the Court concludes that MCE, while only required to provide a short and plain statement of the claim, has fallen below the pleading standards established in *Twombly* and *Igbal* that would warrant a firm denial of the motions to dismiss. While the Court is required to make all inferences in favor of the nonmoving party, it is also true that "[t]he court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts

asserted are insufficient to support relief under a cognizable legal theory." *Ortiz v. Citimortgage, Inc.*, 954 F. Supp. 2d 581, 585 (S.D. Tex. 2013).

A review of the complaint and amended complaint establish that MCE contracted with the Defendants for some sort of project, in which MCE provided capital in return for a percentage of the net profits when the project was to be completed. None of MCE's investment was to be re-invested in the project without written consent from MCE. The complaint also establishes that MCE was expecting profits from the project, but never received such profits or the return of its original investment.

A plaintiff is not required to provide overly detailed factual allegation to show its entitlement to relief. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (citing *Igbal*, 556 U.S. at 678). As the Defendants assert, and the Court agrees, MCE has alleged "bare bones" allegations in its complaint that leave great doubt as to where the actionable claim exists in this case. One troubling aspect of the complaint is that MCE never alleges whether it knows if any profits materialized from the project. The factual allegations state that the initial investment and profits were to be returned. However, MCE does not indicate what the extent of those profits are, nor does it state if it is aware that the Defendants are in possession of the profits. As such, the Court is unable to determine if there has been an actual injury caused by the conduct of the Defendants.

Moreover, and more importantly, MCE has not even affirmatively alleged a legal theory, or elements thereof, to determine what the cause of action is in this case. It is presumed that MCE is alleging a breach of contract claim, as it asserts that there existed a contract between the parties. As such, accepting the facts in light most favorable to MCE, the Court presumes this to be MCE's cause of action against the Defendants. Nevertheless, MCE has not stated which theory of contract law applies here. More significantly, MCE has not established where the contract was formulated nor how a breach occurred, which is essential in the Court's determination of how to interpret the claims asserted here. A plaintiff's obligation to show grounds for entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In this case, MCE has not provided the Court with any elements to determine whether there even exists an actionable claim. Based on these circumstances, the Court finds that MCE has not met the pleading standard required to maintain its complaint as is.

Nevertheless, the Court notes that, generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *Whiddon v. Chase Home Finance, LLC*, 666 F. Supp. 2d 681, 692 (E.D. Tex. 2009) (citations omitted). "Where, however, a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed." *Id.* at 693 (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)). Regardless, "'Whether leave to amend should be granted is entrusted to the sound

discretion of the district court." *Id.* (citing *Lyn–Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044 (2002)).

In this case, the Court cannot readily conclude that MCE's claims are frivolous, and that a dismissal with prejudice is justified at this stage. It is possible that allowing MCE one additional opportunity to amend may cure the defects noted by the Court and by the Defendants in their motions to dismiss. As such, MCE will be granted one final opportunity to amend its complaint and amended complaint within fourteen (14) days of this ruling.

### B. Claims Against Hossley in His Personal Capacity

Hossley contends that MCE has not alleged any claims against him in his personal capacity and that a dismissal is warranted for lack of specific factual allegations. Hossley contends that "there is a noticeable absence of any *facts* from which this Court could *reasonably infer* that Hossley should be held liable individually." (Doc. 3-1, at 3.)

Hossley is correct that the complaint, as is, fails to allege any specific facts against him in his individual capacity. Nevertheless, because the Court finds it appropriate to give MCE one final opportunity to amend its complaint, a dismissal of a named defendant at this juncture is premature.

### V. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant First Millennium Construction, L.L.C.'s **Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1) and 12(B)(6) (Doc. 2)** is **DENIED.** The Defendant's motion is **DENIED, with prejudice,** on the issue of subject

matter jurisdiction. The Defendant's motion is **DENIED, without prejudice to re-filing the motion at a later date**, on the issue of Plaintiff Michael Clayton Enterprises, L.L.C.'s failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant Nathian Hossley's **Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1) and 12(B)(6) ( Doc. 3) is DENIED**. The Defendant's motion is **DENIED, with prejudice**, on the issue of subject matter jurisdiction. The Defendant's motion is **DENIED, without prejudice to re-filing the motion at a later date**, on the issue of claims against Nathian Hossley in his personal capacity.

**IT IS FURTHER ORDERED** that the **Motion to Set a Hearing Prior to Trial Pursuant to F.R.C.P. 12(i) (Doc. 10) is DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Michael Clayton Enterprises, L.L.C. shall have **fourteen (14) days** from the date of this **RULING and ORDER** to file an amended complaint correcting the deficiencies discussed herein.

Baton Rouge, Louisiana, this 19th day of September, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA