UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CLAYTON                                             CIVIL ACTION
ENTERPRISES, LLC

VERSUS

NATHIAN HOSSLEY, ET AL.                           NO.: 13-00537-BAJ-RLB

RULING AND ORDER[1]

In November 2009, Michael Clayton of Plaintiff Michael Clayton Enterprises,

LLC ("Plaintiff") entered into a contract with Defendant Nathian Hossley of

Defendant First Millennium Construction, LLC (collectively, "Defendants"). (*See* Doc.

18 at ¶ 3). According to Plaintiff, the contract stipulated: (1) that Plaintiff would

invest $300,000 in Defendant First Millennium Construction, LLC's SMILE[2]

Weatherization Project, in exchange for 25% of all net profits arising therefrom; and

(2) that Plaintiff's $300,000 investment would be returned at the end of First

Millennium Construction, LLC's SMILE Weatherization Project. (*Id*.). However, for

reasons irrelevant[3] to this Ruling and Order, the SMILE Weatherization Project

turned out to be largely unprofitable, and Plaintiff's $300,000 was lost.[4] Plaintiff then

---

[1] Given that jurisdiction in this case is proper pursuant to 28 U.S.C. § 1332, *see* Doc. 11 at pp. 9—10;
Doc. 18 at ¶ 1, the Court's analysis is governed by state substantive law, *see Shanks v. AlliedSignal,
Inc.*, 169 F.3d 988, 993 (5th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[2] According to Defendant Nathian Hossley, SMILE is a nonprofit organization that, *inter alia*, seeks
to "weatherize homes for . . . elderly people with disabilities[] and families with children." *See* Trial Tr.
11:15—20.

[3] *See* Trial Tr. 22:10—25:25; 138:21—139:12.

[4] *See* Trial Tr. 47:19—25.

filed this lawsuit seeking to: (1) recoup its $300,000, (2) recover unpaid SMILE Weatherization Project net profits, and (3) hold Defendant Nathian Hossley personally liable for all of the above. (*Id.* at ¶¶ 5—6). A bench trial was held on June 15, 2015,[5] at which time the Court took Defendants' Rule 52(c) Motion for Judgment on Partial Findings under advisement. *See* Trial Tr. 112:25—113:3; 114:3—123:25; 156:25—158:4; 161:12—17. Defendants' motion is now **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **Defendants' Rule 52(c) Motion for Judgment on Partial Findings**[6]

        **A.**    **Is Plaintiff Owed Additional SMILE Weatherization Project Net Profits?**

According to the terms of the contract, Plaintiff is entitled to 25% of Defendant First Millennium Construction, LLC's SMILE Weatherization Project net profits. The uncontradicted[7] evidence presented at trial establishes that Plaintiff has already received more than 89%[8] of Defendant First Millennium Construction, LLC's SMILE Weatherization Project net profits.[9]

---

[5] *See* Doc. 26.

[6] In reviewing a Rule 52(c) motion, the Court "is not required to make any special inferences or review the facts in [a] light most favorable to the plaintiff." *See Koenig v. Aetna Life Ins. Co.*, No. 4:13-CV-0359, 2015 WL 6554347, at *4 (S.D. Tex. Oct. 29, 2015) (quoting *Weber v. Gainey's Concrete Prods., Inc.*, No. 9731267, 1998 WL 699047, at *1 n. 1 (5th Cir. Sept. 21, 1998)).

[7] *See* Trial Tr. 96:5—19; 122:3—24.

[8] *See* Def. Ex. 13—22, Bates Stamp 91—100 ($22,849.00).

[9] *See* Trial Tr. 56:14—17 ($25,661.00).

Therefore, with respect to Plaintiff's additionally sought SMILE Weatherization Project net profits, Defendants' motion is **GRANTED**.

## B. Should Defendant Nathian Hossley Be Held Personally Liable?

Plaintiff asserts that Defendant Nathian Hossley should be held personally liable under the above contract because: (1) the contract "does not indicate that Nath[i]an Hossley was signing . . . on behalf of First Millennium Construction, LLC," (2) First Millennium Construction, LLC is "nothing more" than an "undercapitalized . . . alter ego of Nath[i]an Hossley," and (3) Nathian Hossley "personally guaranteed the obligations of First Millennium Construction, LLC."[10] (*See* Doc. 18 at ¶ 6).

The Court finds each of these arguments to be without merit. First, Defendant Nathian Hossley unambiguously signed the contract[11] on behalf of Defendant First Millennium Construction, LLC. *See* LA. STAT. ANN. § 10:3-402(b)(1). Second, Michael Clayton knew that Defendant Nathian Hossley was signing the contract on behalf of Defendant First Millennium Construction, LLC. Trial Tr. 91:20—24; *see also McGowan-Rigby Supply, Inc. v. Latil & Son, Inc.*, 394 So. 2d 1276, 1277 (La. Ct. App. 1981) (refusing to impose personal liability where the agreement is understood to be between two agents acting in their representative capacities). Third, there is no evidence that Defendant First Millennium Construction, LLC was ever undercapitalized. *See* Trial Tr. 59:24—60:13; 104:10—105:2. Fourth, Defendant

---

[10] *See* Trial Tr. 107:15—108:23.

[11] *See* Pl. Ex. 1, Bates Stamp 2.

3

Nathian Hossley's qualified[12] promise to return Plaintiff's $300,000 does not constitute a suretyship under Louisiana law. *See Ball Mktg. Enter. v. Rainbow Tomato Co.*, 340 So. 2d 700, 701 (La. Ct. App. 1976) (noting that a suretyship must evince "an absolute expression of intent to be bound"); LA. CIV. CODE ANN. art. 3038 cmt. b.

Therefore, with respect to Plaintiff's attempt to hold Defendant Nathian Hossley personally liable, Defendants' motion is **GRANTED**.

### C.    Is the $300,000 at Issue in this Case Plaintiff's to Recoup?

Finally, Defendants assert that Plaintiff cannot recover a $300,000 investment it never made. Put another way, Defendants assert that because the $300,000 at issue in this case was wired from Michael Clayton's personal bank account, Plaintiff Michael Clayton Enterprises has not established "its own performance under the terms of the contract" and is therefore barred from pursuing damages based upon Defendants' alleged breach thereof. (*See* Doc. 30 at pp. 5—6) (citing *Martin v. T.L. James & Co., Inc.*, 237 La. 633, 642 (1958)); *see also TV & Appliance Town, Inc. v. Advantage Fin. Servs. of Walker Inc.*, 2008-2227, 2009 WL 1271990, at *3 (La. App. 1 Cir. 5/8/09).

The Court finds Defendants' argument to be unpersuasive. The contract makes no mention of the funds from which Plaintiff's $300,000 will come. It merely states that "Michael Clayton Enterprises will invest a sum of Three Hundred Thousand

---

[12] *See* Pl. Ex. 3, Bates Stamp 6 (where, in an email, Defendant Nathian Hossley asserts, "FYI this was an investment not a loan of any type by my word to my brother I will make sure his investment is returned to him").

Dollars and 00/100 ($300,000.00 USD)" in First Millennium Construction, LLC. *See* Pl. Ex. 1, Bates Stamp 2.

Accordingly, the Court finds that Plaintiff Michael Clayton Enterprises, LLC did invest a sum of $300,000 in First Millennium Construction, LLC. The money was simply wired from[13] the personal bank account of Plaintiff's sole member, Michael Clayton. *See* Doc. 18 at ¶ 1.

Therefore, with respect to the $300,000 that Plaintiff seeks to recoup, Defendants' motion is **DENIED**.[14]

## II.   Adjudicating Plaintiff's $300,000 Breach of Contract Claim

The only question left for this Court is whether the contract permits Plaintiff to recover the $300,000 it invested in Defendant First Millennium Construction, LLC.

Initially, the Court is convinced that Defendants understood the contract to require the return of Plaintiff's $300,000. *See* LA. CIV. CODE ANN. art. 2045 cmt. c (noting that "the intent of the parties governs a contract regardless of whether the terms of that contract are clear or doubtful"). Defendant Nathian Hossley all but said as much,[15] and no other understanding would compel Defendant First Millennium

---

[13] *See* Pl. Ex. 2, Bates Stamp 3; Trial Tr. 85:22—86:1.

[14] The absurdity of Defendants' argument is further illustrated by the fact that every check Defendant First Millennium Construction, LLC issued pursuant to the contract was made out to Michael Clayton Enterprises, LLC. *See* Def. Ex. 13—22, Bates Stamp 91—100; LA. CIV. CODE ANN. art. 2045 cmt. c (noting that "the intent of the parties governs a contract regardless of whether the terms of that contract are clear or doubtful").

[15] *See* Trial Tr. 48:4—8.

Construction, LLC to pay Plaintiff $16,433.75[16] more than the value of Plaintiff's SMILE Weatherization Project net profits.

The Court further finds that the only two relevant contractual provisions[17] contemplate the return of Plaintiff's "entire" $300,000, as the word "any" only modifies the word "profits".

All other contractual ambiguities, of which the Court admits there are many, must be construed against the drafter,[18] which in this case happens to be Defendant First Millennium Construction, LLC.[19]

Accordingly,

**IT IS ORDERED, ADJUDGED,** and **DECREED** that judgement is hereby entered **IN FAVOR OF** Plaintiff Michael Clayton Enterprises, LLC and **AGAINST** Defendant First Millennium Construction, LLC.

---

[16] Defendant First Millennium Construction, LLC's SMILE Weatherization Project earned $25,661.00 in net profits. *See supra* p. 2 n.9. Plaintiff was contractually entitled to 25% of those net profits, or $6,415.25. However, Defendant First Millennium Construction LLC has already paid Plaintiff $22,849.00. *See* Def. Ex. 13—22, Bates Stamp 91—100.

[17] The first contractual provision states: "In [r]eceipt of the $300,000.00 investment by Michael Clayton Enterprises, Michael Clayton Enterprises will invest the money for a period of one year with an option to request in writing the full return of the $300,000.00 investment in (6) [s]ix months. If investment is not requested back 7 days after the six month mark [First Millennium Construction, LLC] has an option to return investment and any profits due in full or continue agreement as intended for the one year term." *See* Pl. Ex. 1, Bates Stamp 2. The second contractual provision states: "Upon a written request by Michael Clayton of [Michael Clayton Enterprises, LLC] instructing [First Millennium Construction, LLC] to reinvest or the entire investment and any profits due if any will be returned back to Michael Clayton Enterprises and this contract will be completed in it's [sic] entirety." *Id.*

[18] *See Prejean v. Guillory*, 2010-0740, p. 5 (La. 7/2/10); 38 So. 3d 274, 280; *Robinson v. Robinson*, 1999-3097, p. 6 (La. 1/17/01); 778 So. 2d 1105, 1120.

[19] *See* Trial Tr. 17:3—7.

**IT IS FURTHER ORDERED** that Defendant First Millennium Construction, LLC shall pay Plaintiff Michael Clayton Enterprises, LLC $283,566.25.[20]

**IT IS FURTHER ORDERED** that this judgment shall accrue interest pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that this judgment shall be satisfied within **THIRTY DAYS** of this Ruling and Order.

Baton Rouge, Louisiana, this **18th** day of December, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[20] This figure subtracts the excess $16,433.75 that Defendant First Millennium Construction, LLC has already paid, *see supra* p. 6 n.16, from the $300,000.00 that Defendant First Millennium Construction, LLC now owes, *see Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 371 (5th Cir. 2004) (noting that "[t]he basic rule of contract remedies is that the plaintiff is to be put in the same position he would have occupied had the defendant performed his obligation").